UNITED STATES of America

v.

UNION CIRCULATION COMPANY, a corporation, and Charles E. Reinhardt, individually and as an officer of said corporation.

Civ. A. No. 13175.

United States District Court,
N. D. Georgia,
Atlanta Division.

March 18, 1970.

Charles L. Goodson, U. S. Atty., Robert L. Smith, Asst. U. S. Atty., Atlanta, Ga., Joseph J. Saunders, Chief, Public Counsel Sec., Antitrust Div., Dept. of Justice, Berry W. Stanley, Chief, Div. of Compliance, John Gordon Underwood, Atty., F. T. C., Washington, D. C., for plaintiff.

Alston, Miller & Gaines, Atlanta, Ga., for defendants.

## ORDER

EDENFIELD, District Judge.

This is an action by the United States Government to recover civil penalties for alleged violations of a cease and desist order issued by the Federal Trade Commission. In the FTC's order Defendant Union Circulation Company, its officers, "representatives, agents and employees" were required to cease and desist from engaging in certain activities "directly or through any corporate or other de-

vice." The case is now before the court upon Union's motion to dismiss for failure to state a claim upon which relief can be granted.

 Union contends that the Government has not alleged that defendant has violated the terms of the FTC order since the complaint merely alleges that the prohibited conduct was engaged in by Union's "duly authorized solicitors" without alleging either that they were "representatives, agents, or employees" or that Union made the forbidden representation "directly or through any corporate or other device." The court rejects Union's contention that "duly authorized solicitors" are as a matter of law something quite different from "representatives, agents, or employees." *See, e. g.,* Restatement of Agency, Second, § 53, et seq., which makes it clear that a solicitor is indeed an agent.

Union also contends that the Government should be required by amendment to declare whether it contends that the various "duly authorized solicitors" are "representatives, agents, and employees" or whether defendants are alleged to have violated the order "by any corporate or other device" through the named solicitors. In the view the court takes of the matter the cease and desist order forbids certain activities (1) by the corporation, its representatives, agents, and employees, (2) either directly or indirectly. The first specification denotes the persons covered while the second indicates that the forbidden activities must not be done directly or in any other manner. Obviously no violation of the cease and desist order could occur unless a forbidden activity was engaged in in some manner by a person included within the first specification.

The court holds as a matter of law that the allegations that certain activities prohibited by the FTC cease and desist order were engaged in by Union's "duly authorized solicitors" is an allegation that the activities were engaged in by Union's representatives, agents, or employees.

Accordingly, the motion to dismiss is denied.